UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| GIOVANNI WRIGHT, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | No. 2:19-CV-90-REW-CJS |
| v. | ) ) | ORDER |
| BRAD ADAMS, Warden, | ) | |
| Respondent. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court pending review of the Recommended Disposition of United States Magistrate Judge Candace J. Smith, filed on February 24, 2020. DE 22. On referral, Judge Smith conducted an initial review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and perceived Wright's petition to be untimely. DE 9 at 1. As a result, the Court ordered Wright to show cause, within thirty days, why his petition should not be dismissed on timeliness grounds. *Id.* at 6. Wright complied with the show cause order. DE 13. Adams responded, and Wright replied. DE 16; DE 17.

Upon review of these filings, the Court identified additional information needed to make a recommendation about the timeliness of Wright's petition. DE 18 at 1. The § 2254 filing deadline depends in part on when Wright's subject Kentucky conviction became final; in turn, the finality analysis looks to how the trial court responded to the Kentucky Supreme Court's remand. *See id.* at 2–3. As a result, the Court ordered Adams to address Wright's two finality arguments and to submit copies of certain state court documents. *Id.* at 3. Adams complied. DE 19. The Court permitted a reply, and Wright filed one. DE 21.

Judge Smith then recommended denial of Wright's petition as untimely. DE 22 at 1. The recommendation hinges on three determinations: whether Wright is entitled to equitable tolling (and if so, to what extent), when the relevant conviction became final, and the import (if any) of Wright's interim return to a Kentucky prison. *See id.* at 3. Judge Smith had previously assumed that Wright was entitled to equitable tolling until March 11, 2016, when a letter sent by Wright to the state court clerk indicates that Wright then surely knew the status of his direct appeal. *Id.* at 4; DE 9 at 4–5. Judge Smith discerned no basis to toll the limitations period beyond March 11, 2016, and alternatively concluded that Wright was not entitled to equitable tolling at all (for lack of diligence). DE 22 at 4–6.

Next, Judge Smith determined that the relevant, in fact and under law, conviction became final on May 21, 2014, ninety days after "the Kentucky Supreme Court completed its review of Wright's criminal appeal." *Id.* at 6; DE 9 at 2–3. The remand from the Kentucky Supreme Court did not ultimately restart the limitations period because Wright did not receive a "worse than before" sentence; the only effect was to invalidate the second-degree assault conviction, which had not independently shaped Wright's sentence. DE 22 at 6–7.

Finally, Judge Smith rejected Wright's arguments based on his detention in Ohio. *Id.* at 7–8. Judge Smith had already considered, in the equitable tolling analysis, that Wright was not a Kentucky inmate from August 2013 until December 2015. *See id.* at 5–6, 8. Even if Wright were entitled to equitable tolling during this period, his return to Kentucky would not affect "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See id.* at 8 (quoting 28 U.S.C. § 2244(d)(1)(D)). That is so because the commencement of the limitations period is not a "factual predicate of the claim." *See id.* Instead, Wright's deadline depends on "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." *See id.* at 3; DE 9 at 2 (both applying § 2244(d)(1)(A)). For the reasons explained above, that date is May 21, 2014.

In all, Judge Smith discerned no plausible argument that would make timely Wright's § 2254 petition, filed July 9, 2019, far beyond the limitations period. Judge Smith further recommended denial of a certificate of appealability. DE 22 at 8–9. No party objected within the allotted fourteen-day period.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* Rule 8(b) of the Rules Governing Section 2254 Cases; *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) ("[A] party shall file objections with the district court or else waive [the] right to appeal."). The Court has considered the recommended disposition, as well as the entire record and relevant authority, and independently agrees with Judge Smith's careful analysis and conclusions. Accordingly, the Court **ADOPTS** DE 22 and will enter separate judgment.

This the 30th day of March, 2020.

Signed By:
*Robert E. Wier* REW
**United States District Judge**